IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Case No: 18 CV 50138 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Teovanni Cunningham, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the following reasons, defendant's 28 U.S.C. § 2255 motion [1] is denied. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT-OPINION

On April 20, 2018, defendant Teovanni Cunningham filed a 28 U.S.C. § 2255 motion challenging his sentence. *See* [1]. The government filed a response to the motion on June 26, 2018 [4], and defendant filed a reply on August 13, 2018 [6]. This motion is now ripe for the court's review.

**Background**

On September 21, 2016, the court entered judgment against defendant for conspiracy to possess stolen firearms and ammunition (18 U.S.C. § 371, 18 U.S.C. § 922(j)), possession of stolen firearms and ammunition (18 U.S.C. § 922(j)), and felon in possession of firearms (18 U.S.C. § 922(g)(1)), and sentenced defendant to a term of 188 months in the Bureau of Prisons. (*See* case no. 14 CR 50038-2, Dkt. [280].) Defendant was found guilty of breaking into a home in Rockton, Illinois with a codefendant and stealing 22 firearms.[1] At sentencing, the court found that the evidence showed that four additional firearms were carried away from the home's safe, and while defendant and codefendant attempted to steal them, these four firearms were left behind. Prior to the burglary, defendant had been convicted of a felony mob action in violation of Illinois law 720 ILCS 5/25-1(a)(1) – a crime punishable by imprisonment for a term exceeding one year.

At the sentencing hearing, the court found defendant's applicable base offense level to be 20 pursuant to United States Sentencing Guidelines ("guidelines" or "U.S.S.G.") § 2K2.1(a)(4)(B). The court then applied a six-level enhancement under U.S.S.G. §

---

[1] A more detailed account of the facts can be found in the appellate opinion rendered in this case – *United States v. Cunningham*, 883 F.3d 690 (7th Cir. 2018). For purposes of this ruling, the court does not find a lengthy recitation of the facts necessary.

1

2K2.1(b)(1)(C), representing 26 firearms (22 stolen, four attempted), a two-level enhancement under U.S.S.G. § 2K2.1(b)(4) representing stolen firearms, a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for defendant's trafficking of firearms, a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for defendant's possession of firearms in connection with another felony offense (the burglary of the victim's home), and a three-level reduction under U.S.S.G. § 3E1.1 in recognition of defendant's acceptance of responsibility for his criminal conduct. The court found defendant's total offense level a 33 and his criminal history a category IV. Defendant's sentencing range, therefore, was 188 to 235 months of incarceration. Following testimony and arguments of counsel, the court sentenced defendant to 188 months' imprisonment.

Defendant appealed his sentence arguing the court violated FED. R. CRIM. P. 32(i)(4)(A)(ii) ("Before imposing sentence, the court must…permit the defendant to…present any information to mitigate the sentence") by limiting his presentation of character witness testimony, and that the sentence was substantively unreasonable. On February 21, 2018, the Seventh Circuit affirmed the court's sentence finding that FED. R. CRIM. P. 32(i)(4)(A)(ii) does not establish a right to the presentation of character witnesses, and further held that the court did not abuse it discretion in weighing the 18 U.S.C. §3553(a) factors and, therefore, the sentence was substantively reasonable.[2] *See United States v. Cunningham*, 883 F.3d 690 (7th Cir. 2018).

Defendant filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on April 20, 2018. In his motion, defendant argues (1) his counsel was ineffective by failing to give him notice of the court's "double counting" of enhancements under U.S.S.G. § 2K2.1(b)(5) and § 2K2.1(b)(6)(B); (2) his counsel was ineffective by failing to challenge the applicability of the six-level enhancement under U.S.S.G. § 2K2.1(b)(1)(C); and (3) the court erred by increasing his sentence based on uncharged conduct.

**Analysis**

With regard to defendant's ineffective assistance of counsel claims, the Seventh Circuit has held that "[t]o be successful on an ineffective assistance claim, [the defendant] must: 1) show that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms; and 2) demonstrate a reasonable probability that this deficient performance affected the result of the trial." *Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003). *See also Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

First, defendant argues his trial counsel was ineffective during his plea negotiations by failing to notify him that the court "double counted" his sentencing enhancements under U.S.S.G. § 2K2.1(b)(5) and § 2K2.1(b)(6)(B). Defendant's ineffective assistance argument is without merit because the sentencing enhancements did not amount to "double counting." Pursuant to § 2K2.1(b)(5), a four-level enhancement is applicable if the defendant "engaged in the trafficking of firearms." The facts showed defendant gave, sold, or disposed of several of the stolen firearms to others in northern Illinois, supporting the application of this enhancement. *See* guidelines application note 13, generally. Under § 2K2.1(b)(6)(B), a four-level enhancement is

---

[2] Notably, defendant did not appeal the court's guidelines calculations.

applicable if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."  Here, defendant possessed the subject firearms and ammunition during the burglary of the victim's home, thereby justifying this enhancement.  "In the context of guidelines sentencing, the term 'double counting' refers to using the same conduct more than once to increase a defendant's guidelines sentencing range.  But double counting is permitted unless the text of the guidelines or the authoritative commentary expressly prohibits it." *United States v. Rodriguez*, 884 F.3d 679, 680 (7th Cir. 2018) (citing *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012)).  Guidelines application note 13(D) specifically states that both enhancements should apply if the defendant "transferred" any firearm.  As noted by the *Rodriguez* court, "the guidelines fall far short of expressly prohibiting simultaneous application of the trafficking enhancement and other other-felony enhancement."  *Id*. at 681.  The facts support both enhancements and the guidelines do not prohibit it.  Defendant, therefore, is unable to show that his trial counsel was ineffective.  "[A]n attorney is not ineffective for failing to raise a meritless argument." *Washington v. Boughton*, 884 F.3d 692, 701 (7th Cir. 2018) (citing *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996)).  And as noted by the government, even if the court found deficient performance on the part of defendant's trial counsel under the *Strickland* standards, no prejudice would have inured to the defendant because any objection regarding "double counting" in his sentence enhancements would have been overruled.

Next, defendant argues his trial counsel was ineffective in failing to challenge the applicability of the six-level enhancement under U.S.S.G. § 2K2.1(b)(1)(C).  Section 2K2.1(b)(1)(C) states that if the offense in question "involved" 25-99 firearms, a six-level enhancement would apply.  Defendant argues his offense only involved the 22 firearms carried away from the victim's residence, not 26 – 22 firearms plus the four firearms that were dropped on the way out of the residence - as found by the court.  However, application note 5 to § 2K2.1 states, among other things, that for purposes of calculating the number of firearms under subsection (b)(1), the court shall count those firearms "that were unlawfully sought to be obtained."  The facts presented to the court at the time of defendant's sentencing, including the facts presented in defendant's presentence investigation report, revealed three firearms were found near the bottom of the basement steps, and a fourth firearm was located on the basement floor near the room where the victim's gun safe was located.  The court was also informed at sentencing that defendant admitted to his codefendants that he had dropped "a bunch of shit" in the house during the burglary.  This evidence is enough to find that the four additional firearms were "sought to be obtained" and, therefore, the court cannot find that defendant's counsel was deficient in not challenging this enhancement.  Additionally, like above, even if counsel was ineffective for not objecting to the § 2K2.1(b)(1)(C) enhancement, defendant could not meet the prejudice prong of *Strickland* because any objection would have been overruled.  Also, as noted in the government's brief, any objection to this enhancement would have jeopardized defendant's three-level reduction under U.S.S.G. § 3E1.1 in recognition of his acceptance of responsibility.  The court cannot say that trial counsel was ineffective under these circumstances.

Defendant's final argument is less clear.  Defendant contends the court erred by speculating on uncharged conduct and using that information to increase his offense level at sentencing.  As best the court can decipher, defendant argues the court lacked a basis for a

finding that defendant planned to take more than 22 firearms from the victim's residence.[3]  As explained above, the court found sufficient evidence to support the finding that defendant "sought to obtain" 26 firearms in the course of committing the burglary.  Here the number of firearms is significant for purposes of the sentencing guidelines (*see* § 2K2.1(b)(1)(C)) and not considered by the court "uncharged conduct."  Moreover, defendant's argument is procedurally waived.  "A claim cannot be raised for the first time in a § 2255 motion if it could have been raised…on direct appeal." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009)).  And "[a]bsent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that his is actually innocent of the crimes of which he was convicted." *Id*. (citations omitted).  Defendant's argument regarding the number of firearms was available to him at the time of his direct appeal and, therefore, he cannot sustain an argument for procedural default; nor can he demonstrate that he is "actually innocent" of the crimes he has pled guilty to.

For the above stated reasons, the court denies defendant's motion pursuant to 28 U.S.C. § 2255 and finds there is no basis for an evidentiary hearing.

**Certificate of Appealability**

Finally, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, the court declines to issue a certificate of appealability.  A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The court finds that while defendant has attempted to raise constitutional claims through his motion for relief under § 2255, his claims are without merit and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted).  As such, the court declines to issue a certificate of appealability.  This matter is terminated.

Date: 09/26/2018          ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)

---

[3]  In his brief, defendant relies on *Nelson v. Colorado*, ___ U.S. ___, 137 S.Ct. 1249 (2017) to support his position.  *Nelson* addressed the deprivation of a defendant's property after a conviction has been reversed or vacated, and the subsequent due process implications.  The court does not find *Nelson* to be instructive here.