IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Case No: 18 CV 50138 |
| ) | |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| Teovanni Cunningham, ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons stated below, defendant's motion for reconsideration pursuant to FED. R. CIV. P. 59(e) [9] is denied. This matter remains closed.

## STATEMENT-OPINION

Defendant Teovanni Cunningham has filed a motion pursuant to FED. R. CIV. P. 59(e) asking the court to reconsider its September 26, 2018 order. *See* [9]. In the court's September 26, 2018 order it dismissed defendant's 28 U.S.C. §2255 motion for post conviction relief and declined to issue a certificate of appealability. *See* [7].

A Rule 59(e) motion for modification of judgment allows a court to reconsider matters "encompassed within the merits of the underlying action." *Miller v. Safeco Ins. Co. of America*, 683 F.3d 805, 814 (7th Cir. 2012) (quotations omitted). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) ("[A] Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence.") (internal quotations omitted). The Seventh Circuit has held that a Rule 59(e) motion is not typically to be construed as a successive habeas petition for purposes of AEDPA and thus may be ruled upon by the district court. *See Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002).

Rule 59(e) motions "are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller*, 683 F.3d at 813 (internal quotations omitted). Defendant points to no evidence or argument that was not known to him at the time of his original petition (in other words, no "newly discovered evidence"). To the extent defendant rehashes old arguments in his motion, the Seventh Circuit has explicitly found this practice to be an inappropriate use of Rule 59(e). *See Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). Defendant's arguments seem

1

more akin to the position that the court has committed a manifest error of law. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations and quotations omitted).

Defendant presents three arguments in his motion for reconsideration: (1) there was insufficient evidence to support a four-level enhancement under USSG § 2K2.1(b)(5); (2) the four-level enhancement under USSG § 2K2.1(b)(6)(B) was unwarranted; and (3) the court failed to address (1) and (2) on the merits. Defendant's arguments fail.[1]

First, defendant argues the court's reliance on *United States v. Rodriguez* is misplaced because in *Rodriguez* the defendant knew that the guns he sold were being used to commit felonies. *United States v. Rodriguez*, 884 F.3d 679 (7th Cir. 2018). Here, defendant argues, while he admits he transferred firearms to another (Darrell Reed), the record is devoid of any facts showing defendant knew or had reason to know that Reed intended to use or dispose of the firearms unlawfully. Section 2K2.1(b)(5) provides for a four-level enhancement "[i]f the defendant engaged in the trafficking of firearms." The facts showed (and the plea agreement specified) defendant sold four of the firearms he stole during the burglary to Reed. Application note 13 provides that section (b)(5) of the guidelines applies if, among other things, the transfer of the firearms was to an individual whose use or disposal of the firearms would be unlawful. As noted in the court's September 26 ruling as well as specifically set out in the plea agreement, defendant sold four firearms to Reed "knowing that the firearms were stolen," making Reed's possession of them unlawful. In its prior ruling, the court cited to *Rodriguez* in support of the simultaneous application of the "trafficking" enhancement (§ 2K2.1(b)(5)) and the "another felony" enhancement (§ 2K2.1(b)(6)(B)). The court acknowledges that the application of the § 2K2.1(b)(5) enhancement in *Rodriguez* (based on Rodriguez's awareness that the firearms he was selling would be used to commit felonies) differs from the § 2K2.1(b)(5) enhancement here (defendant's sale of stolen firearms to another) - each of which is proper. However, this does not alter the court's reliance on *Rodriguez*. To the extent defendant's motion to reconsider the court's September 26, 2018 ruling argues the court's application of the four-level sentencing enhancement under § 2K2.1(b)(5) was improper, the court finds defendant's argument unavailing.

Next, defendant argues the court's application of a four-level sentencing enhancement under § 2K2.1(b)(6)(B) in addition to the four-level enhancement under § 2K2.1(b)(5) was impermissible "double counting" and his counsel was ineffective for failing to object. As the court stated in its September 26 ruling, the two four-level enhancements were not "double counting" because defendant was enhanced under § 2K2.1(b)(5) based on the trafficking of stolen firearms, and the enhancement under § 2K2.1(b)(6)(B) was based on the burglary as "another felony offense" (*see* application note 13(D)). While defendant presents the same argument here as he presented in his § 2255 motion ("[A] Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments."

---

[1] The court refers to the factual and procedural background of defendant's underlying criminal matter as set forth in the court's September 26, 2018 order [7] as well as the appellate opinion rendered in defendant's criminal case - *United States v. Cunningham*, 883 F.3d 690 (7th Cir. 2018).

2

*Vesely*, 762 F.3d at 666 (citations omitted)), the court will address the argument briefing in light of defendant's reliance on *United States v. Johns*, 732 F.3d 736 (7th Cir. 2013), and *United States v. Shelton* - a Seventh Circuit case which was published seven days after the court's September 26, 2018 opinion, and which further explains the sentencing enhancements and may provide defendant with a better understanding.

In *United States v. Shelton*, __F.3d __, 2018 WL 4763344 (7th Cir. 2018), four defendants were charged with stealing multiple firearms from a cargo train. The defendants divided the stolen firearms and then sold them on the black market. After being indicted on various firearms and theft charges, all four defendants were sentenced under the four-level sentencing enhancements pursuant to § 2K2.1(b)(5) and § 2K2.1(b)(6)(B). The Seventh Circuit affirmed the district court's sentencing under both enhancements and stated:

> "It is true that Note 13(D) 'expressly prohibits' imposing enhancements under § 2K2.1(b)(6)(B) and § 2K2.1(b)(5) if the other felony offense is the trafficking offense itself. *United States v. Johns*, 732 F.3d 736, 740 (7th Cir. 2013). For that reason, in *Johns*, we held that the court erred because it applied both enhancements 'based on the same conduct - [the defendant's] transfer of the firearms to the CI with knowledge that the CI was going to resell the firearms.' *Id*. Critically, however, 'the guidelines do not prohibit simultaneous application of the trafficking and other-felony [offense] enhancements' when the other felony offense is an offense other than firearms possession or trafficking. *United States v. Rodriguez*, 884 F.3d 679, 681 (7th Cir. 2018); *see also United States v. Grove*, 725 F. App'x. 252, 254 (4th Cir. 2018); *United States v. Truitt*, 696 F. App'x. 391, 394 (11th Cir. 2017); *United States v. Sweet*, 776 F.3d 447, 451 (6th Cir. 2015). Here, defendants possessed firearms in relation to a felony offense 'other than a firearms possession or trafficking offense': burglary of the cargo train. Thus, unlike in *Johns*, only § 2K2.1(b)(5) applied based on defendants' sale of the firearms; § 2K2.1(b)(6)(B) was imposed due to the burglary."

*Id.* at *6.

Such is the case here. As in *Shelton*, and unlike *Johns*, defendant was assessed a four-level sentencing enhancement under § 2K2.1(b)(5) for the sale of multiple firearms, knowing the firearms to be stolen, and a four-level sentencing enhancement under § 2K2.1(b)(6)(B) for the burglary of the victim's home where defendant took possession of the firearms. The court, again, holds that defendant's sentence under both § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) was proper.

Finally, defendant argues, to the best of the court's understanding, that the court did not "reach the merits" of his claims for relief in his § 2255 motion by relying on clearly erroneous factual findings. The court finds that it did, in fact, address defendant's issues and arguments on the merits in its ruling on defendant's § 2255 motion, relying on proper factual findings. Therefore, the court finds no merit in this argument.

For all the above reasons, the court denies defendant's motion for reconsideration pursuant to FED. R. CIV. P. 59(e).

The court declines to issue a certificate of appealability. A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). *See also West v. Schneiter*, 485 F.3d 393 (7th Cir. 2007). A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth above, the court finds that defendant has not proffered new evidence or shown that the court committed a manifest error of law with regard to the court's September 26, 2018 order, and does not find that "reasonable jurists could debate whether . . . the [motion] should have been resolved in a different matter." *Id.* Thus, because there is no substantial question for appeal, the court declines to issue a certificate of appealability.

Date: 10/29/2018      ENTER:

_Philip G. Reinhard_
United States District Court Judge

Notices mailed by Judicial Staff. (LC)